**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IDA, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:06-CV-1557-JOF |
| DANIEL O. LEWIS, | : | |
| | : | |
| Defendant. | : | |
| | | |
| IDA, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:06-CV-1558-JOF |
| INFORMATION SYSTEMS & | : | |
| ACCOUNTING SERVICE CENTER, | : | |
| | : | |
| Defendant. | : | |

## OPINION AND ORDER

This matter is before the court in Civil Action No. 1:06-CV-1557-JOF on the motion of the United States Postal Service to intervene [3-1] and on the United States Postal Service's motion to vacate default judgment and for summary judgment [5-1].

This matter is before the court in Civil Action No. 1:06-CV-1558-JOF on the motion of the United States Postal Service to intervene [3-1] and on the United States Postal Service's motion to stay action and release garnishment [5-1].

I.      **Background**

   A.      **Procedural History**

These two removed actions arise out of the attempts of Plaintiff, IDA, LLC, to garnish the wages of Daniel O. Lewis, an individual who apparently worked for the United States Postal Service until January 31, 2003.  IDA first filed suit in the Magistrate Court of Gwinnett County seeking to garnish the wages of Mr. Lewis.  IDA filed that suit against Information Systems & Accounting Service Center, which is a facility of the United States Postal Service. As will be further discussed below, Information Systems & Accounting Service Center is not an entity capable of suing or being sued; rather, the United States Postal Service is the proper legal entity.   Federal regulations establish the procedures by which persons are to initiate garnishment proceedings against an employee of the United States Postal Service.  Because IDA apparently did not follow these procedures, the United States Postal Service did not receive proper notice of the state garnishment proceedings, and Plaintiff secured a default judgment in the Magistrate Court of Gwinnett County against Information Systems & Accounting Service Center on December 27, 2005.   Information Systems & Accounting Service Center responded in some fashion twice to the Magistrate Court of Gwinnett County, contending that the garnishment action and the default judgment order did not comply with

2

federal regulations.   Nothing else happened in that case until the United States Postal Service removed it to this court on June 29, 2006.   That action is now styled as *IDA, LLC v. Daniel O. Lewis (Defendant) and Information Systems & Accounting Service Center (Garnishee)*, Civil Action No. 1:06-CV-1557-JOF.   The court will refer to it as the "Lewis garnishment" action.

Having obtained no satisfaction from its default judgment order in the Lewis garnishment action, IDA filed a second garnishment proceeding directly against Information Systems & Accounting Service Center on June 6, 2006.   This action was premised upon the default judgment in the original case, and the Postal Service received notice of this second suit by mail on June 9, 2006.   In this second action, IDA caused the state court to issue a Summons of Garnishment to Bank of America, as garnishee, seeking payment to IDA, LLC, from Bank of America out of Postal Service assets.   The United States Postal Service removed the action to this court on June 29, 2006.   That action is now styled as *IDA, LLC v. Information Systems & Accounting Service Center*, Civil Action No. 1:06-CV-1558-JOF. The court will refer to this as the "United States Postal Service garnishment" action.

### B.     Contentions

The United States Postal Service first seeks to intervene in both actions because Information Systems & Accounting Service Center is not an entity capable of suing or being sued.   With respect to the Lewis garnishment action, the Postal Service contends that the Magistrate Court of Gwinnett County did not have jurisdiction to enter a default judgment

AO 72A
(Rev.8/82)

order against Information Systems & Accounting Service Center because (1) that is not an entity capable of being sued, (2) service of process had never properly been made against Information Systems & Accounting Service Center, and (3) under federal law, no party can seek damages from the Postal Service under these circumstances in a garnishment proceeding. The Postal Service asks this court to vacate the default judgment entered by the state court and remand the action to state court. On the United States Postal Service garnishment action, the Postal Service argues the court should stay the proceedings until the validity of the Lewis garnishment action is determined.

No party has filed responses to the Postal Service's motions. IDA, LLC, is a corporation listed with the Georgia Secretary of State, and the business address of the registered agent for the corporation is the same as the address identified for IDA, LLC. The United States Postal Service has served IDA, LLC, at that address.

**II.     Discussion**

      **A.     Intervention**

No parties have filed responses to the motions of the United States Postal Service to intervene in this action. Thus, the court deems them unopposed. *See* Local Rule 7.1B, N.D. Ga. The court agrees that under the Postal Reorganization Act of 1970, 39 U.S.C. § 401(1), the Postal Service may sue and be sued, but these actions must take place in the official name of the Postal Service. Accordingly, the court GRANTS the United States Postal Service's motions to intervene in these two actions.

4

**B.     The Lewis Garnishment Proceeding**

The Postal Service asks this court to vacate the default judgment entered by the state court on December 27, 2005.  In actions that have been removed, the district court does have the power to vacate prior orders entered by the state court.  *See* 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."); *see also Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423 (1974).  To initiate such a process, the Eleventh Circuit instructs parties to file a Rule 59 motion to modify or vacate the judgment in the district court.  *See Jackson v. American Savings Mortgage Corp.*, 924 F.2d 195, 198 (11th Cir. 1991), *but see Bakery Centre Associates v. Orientations Gallery, Inc.*, 54 F.3d 688 (11th Cir. 1995) (applying *Jackson* but disagreeing with its holding).  The theory behind these cases is that after removal, orders issued by the state court are considered to be orders of the district court and the district court would be permitted to reconsider its own proceedings.  Thus, any errors that would filter up to the appellate level would in fact, as well as theory, be "considered products of a district judge."  *See Resolution Trust Corporation v. Bakker*, 51 F.3d 242, 244-45 (11th Cir. 1995).  In essence, then, the Postal Service asks us to revisit the question of whether it was properly served with the action in state court and whether the state court ever had jurisdiction over it.

5

Garnishment of the wages of federal employees is permitted under the Hatch Reform Act Amendments of 1995, codified at 5 U.S.C. § 5520a. The United States Postal Service is defined as a federal agency for the purposes of 5 U.S.C. § 5520a. The Postal Service's designated agent for the service of garnishment process is "Manager, Payroll Processing Branch, 2825 Lone Oak Parkway, Eagan, MN 55121-9650." *See* 39 C.F.R. § 491.1 (implementing regulations under authority of 5 U.S.C. § 5520a(j)). There is no dispute that this designated agent was not served with the garnishment. For this reason alone, the court determines that the default judgment of the Magistrate Court of Gwinnett County must be vacated. Further, the Postal Service was not named in its own name as a party, a requirement under federal regulations. Mr. Lewis' social security number also was not given in the garnishment proceedings, another piece of information required by federal regulation. *Id.*, § 491.3 - 491.4. Thus, even if the garnishment action had been properly served upon the Postal Service, it did not contain the information necessary properly to initiate such an action.

Furthermore, the court notes that a default action against the United States Government seeking damages against the Government cannot be sustained. In *Loftin v. Rush*, 767 F.2d 800 (11th Cir. 1985), *abrogated on other grounds*, *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), when construing a similar garnishment statute, the Eleventh Circuit determined that in enacting the statute, Congress waived part of the Government's sovereign immunity "but created no right of action against the government for moneys owed by its employees to third parties." *Id.* at 808-09. "We hold that [the garnishment statute] was not intended to

6

authorize payment of default judgments against the United States pursuant to state law." *Id.*
*See also First Virginia Bank v. Randolph*, 110 F.3d 75, 78-79 (D.C. Cir. 1997) (holding the
same specifically with respect to § 5520a and stating "by subjecting the pay of federal
employees to the legal process applicable to private employees, § 5520a(b) incorporates the
D.C. law requiring employers to withhold a percentage of the employees' wages, but it does
not subject the United States to damage actions by judgment creditors).

The court has held that the Postal Service was never properly served with the
garnishment action, the garnishment action did not contain the information required federal
law, and the default judgment of the Magistrate Court of Gwinnett County on December 27,
2005, must be vacated.  The court must now determine what happens next in the litigation.  In
*Loftin*, the court similarly determined that the state court had improperly entered default
judgment against the Government in a garnishment proceeding.  The district court vacated the
default judgment order of the state court and remanded the proceedings to state court.  On
appeal, the Court of Appeals determined that the removal was proper because the default
judgment order subjected the United States to judgment for the full amount of garnishment
and changed the United States from a stakeholder in a garnishment action to a debtor.  *Id*. at
804-05.  The Court of Appeals affirmed the order of the district court vacating the state court
judgment remanding the case. *Id.* at 810.

For the foregoing reasons, the court concludes that the state court did not have
jurisdiction over the Postal Service during the Lewis Garnishment proceeding, and the court

7

vacates the December 27, 2005 order of default judgment by the state court.  The court also dismisses Information Systems & Accounting Service Center from the suit because it is not an entity capable of being sued.  Finally, the court REMANDS this action to the Magistrate Court of Gwinnett County.

### C.    The United States Postal Service Garnishment Proceeding

Plaintiff filed the second action against the United States Postal Service seeking to enforce the default judgment rendered by the state court in the Lewis garnishment proceeding.  As described above, the court has vacated that default judgment order.  Because there is no legally valid order upon which Plaintiff can base this second action, the court releases the garnishment attempted by Plaintiff in this action and DISMISSES Civil Action No. 1:06-CV-1558-JOF.

8

**III.     Conclusion**

In Civil Action No. 1:06-CV-1557-JOF, the court GRANTS the motion of the United States Postal Service to intervene [3-1] and GRANTS the United States Postal Service's motion to vacate the default judgment [5-1].   The Clerk of the Court is DIRECTED to REMAND Civil Action No. 1:06-CV-1557-JOF to the Magistrate Court of Gwinnett County.

In Civil Action No. 1:06-CV-1558-JOF, the court GRANTS the motion of the United States Postal Service to intervene [3-1], GRANTS the United States Postal Service's motion to stay action and release garnishment [5-1], and DISMISSES Civil Action No. 1:06-CV-1558-JOF.


**IT IS SO ORDERED** this 7th day of November 2006.


        s/ J. Owen Forrester
        J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)